POWELL, Appellant, v. CAVANAGH

(February 28, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Corporations — Par. 141, 143.

After property of a corporation has been seized and sold under a mortgage granted by the corporation and bought in by the seizing creditor, the president of the corporation, in the absence of fraud, may validly acquire the property from the seizing creditor by purchase or otherwise.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by F. A. Powell against John W. Cavanagh.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Alexis Brian, of New Orleans, attorney for plaintiff, appellant.

A. D. Danziger, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit to establish the ownership of property.

Plaintiff alleged that he was a judgment creditor of the New Orleans Homesite Co. in the sum of $1975.09; that there is no property standing in its name; that the defendant herein, Cavanagh, is the president of said company; that in August, 1917, the said company, through the said Cavanagh, mortgaged for $1000 Lots 1 to 4 and Lots 25 to 26 of Square No. 855; that the Hibernia Bank, the holder of said mortgage, seized said lots and became the adjudicatee thereof at sheriff's sale; that thereupon Cavanagh obtained an agreement with said bank by which the bank would sell certain lots through Cavanagh and would transfer to him the remainder of said lots after it had been reimbursed the amount of its claim; that in accordance with said agreement the bank subscribed the following document:

"Before me, the undersigned authority, Albert E. Moulin, a notary public, in and for this parish and state, duly commissioned and qualified, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared: The Hibernia Bank and Trust Co., a legal corporation of this city and state, herein appearing through and represented by its vice-president, Mr. Fred W. Ellsworth, acting under a resolution of the board of directors of said company, a duly certif'e copy whereof is hereto annexed, which said appearer declared that the said Hibernia Bank and Trust Co. became the adjudicatee of the hereinafter described property by virtue of a sheriff's deed in the matter

of the Hibernia Bank and Trust Co. vs. N. O. Homesite Co., No. 137,279 of the docket of the Civil District Court, which property is described as follows: (Then follows the description of Lots 1, 2, 3, 4, 25 and 26 of Square 855), and the said appearer declared that the said property was acquired by said bank to secure certain indebtedness to it by Mr. John W. Cavanagh, of age and resident of this city, that by a sale of a portion of said property, viz., said Lots 1, 2, 3 and 4 of Square 855, the said Hibernia Bank has no further interest in and to the remainder of said property; Now, therefore, the said Hibernia Bank and Trust Co. through its said appearer does hereby declare that the title to the property known as (then follows a description of Lots 25 and 26 of Square 855 and Lots 18 and 19 of Square 579) stands in its name, but in truth and fact, the said property belongs to the said John W. Cavanagh, and the said Hibernia Bank and Trust Co. executes this acknowledgment to serve as circumstances may justify. In faith whereof, said appearers sign these presents on this 25th day of October, 1922, in the presence of Arthur Steiner and Sadie Keegan, competent witnesses, who have also signed their names hereto, after due reading of the whole.

"Original signed:

"F. W. ELLSWORTH, Vice-Pres.;
"JOHN W. CAVANAGH,
"ALBERT E. MOULIN,
"ARTHUR STEINER,
"SADIE KEEGAN,
"ALBERT E. MOULIN,
"Not. Pub."

Plaintiff further alleged that since said date Cavanagh had sold to third persons all of said lots except Lots Nos. 25 and 26 of Square 855; that it appears by said act that the consideration of said transfer was a debt due by Cavanagh to the bank secured by mortgage upon property of the Homesite Co., and that when Cavanagh received title to said lots from the bank, he received the same for the benefit of the Homesite Co.; that taking title in his own name was for the purpose of defrauding the plaintiff as judgment creditor; and that such action constituted a fraudulent simulation, and that said lots would be declared the property of the company and subject to sale by plaintiff.

Plaintiff also claimed Lots 10 to 16 in Square 678 on Claiborne street and Lots 24 and 25, part of Lot 23, in Square 456 on Egania street, and a portion of ground situated in Square 462 on Deslonde street, of which Cavanagh illegally divested the Homesite Co. by proceedings in the name of Mr. Dreyfous.

John W. Cavanagh and the N. O. Homesite Co. were made defendants.

They admitted the mortgage and its foreclosure and the adjudication of the property to the bank; they denied that the property was adjudicated to the bank for account of Cavanagh but alleged that the bank transferred the lots to Cavanagh in payment of his services in selling the remainder of the lots many months after the foreclosure so that the bank suffered no loss in connection with said loan.

There was judgment in favor of defendants and the plaintiff has appealed.

A number of credible witnesses testify to the absolute correctness of all transactions detailed in plaintiff's petition and the absence of any collusion or fraud on the part of the Hibernia Bank and Trust Co., of Felix J. Dreyfous, and defendant, John W. Cavanagh. These witnesses are corroborated by the records in the different suits against Cavanagh and the New Or-

leans Homesite Co. The facts established by them are that the bank and Felix J. Dreyfous were holders of mortgage notes drawn by the Homesite Company; that these notes had been pledged to the bank by Cavanagh to secure the payment of his own notes, and that Dreyfous had loaned the money to the Homesite Co.; that the bank and Dreyfous foreclosed on those notes and bought. in the property mortgaged; that after the adjudication to them they employed Cavanagh to sell the property; that after Cavanagh had sold a sufficient number of lots to pay the bank's claim, a compensation or commission to him, they transferred to him the remaining lots by the counter letter copied above; that Dreyfous sold the lots to Cavanagh for $5500, of which $1000 was paid in cash and the balance. in a note of $4500, constituting a price sufficient to pay Dreyfous' claim. The bank and Dreyfous both deny that they had any agreement of any character with Cavanagh prior to the sale, or that they sold the properties to Cavanagh for the benefit of the Homesite Company.

There is no evidence or suspicion as to the regularity of the entire proceedings.

It is expressly disclaimed that Cavanagh was not the owner of the notes of the Homesite Company pledged by him to the bank, or that the bank or Dreyfous' possession of the mortgage notes was irregular.

The cases relied on by plaintiff, Cochran vs. Ocean Dry Dock Co., 30 La. Ann. 1366; Hibernia Bank & Trust Co. vs. Cancienne, 140 La. 974, 74 South. 267; Alcodea vs. Smith, 150 La. 482, 90 South. 769, have no application to this case.